Samuel L. Linnet, Esq.
**LINNET LAW OFFICE, PLLC**
115 Second Avenue South
Hailey, Idaho  83333
Tel:  208/788-6688
Fax:  208/788-7901
ISB# 9788
sam@linnetlaw.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **DAKOTA KING HUTTON**, an individual, and **EMILY THAYER**, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>**BLAINE COUNTY SCHOOL DISTRICT #61**, an Idaho public school district;  **GWENCAROL HOLMES**, individually and in her official capacity as Superintendent of the Blaine County School district; **AMANDA LACHANCE**, individually and in her official capacity as Clerk of the School Board; **HEATHER CROCKER**, individually and in her official capacity as Director of Communications; **TERESA MCGOFFIN**, individually and in her official capacity as Director of Technology; **JOHN P. PEARCE**, individually and as Principal of Wood River High School; **KEITH NELSON**, | Case No. _____<br><br>**VERIFIED CIVIL RIGHTS COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, DAMAGES, AND DEMAND FOR JURY TRIAL** |

individually and in his official capacity as
Vice Principal of Wood River High School;
**MICHAEL GLENN**, individually and in
his official capacity as Principal of Silver
Creek High School; and **JOHN DOE**,
whose true name is not yet known to the
Plaintiffs, individually and in their official
capacity as the person managing information
on the Blaine County School District Google
Drive and/or other relevant information
sharing and storage systems.

      Defendants.

COME NOW Plaintiffs, DAKOTA KING HUTTON and EMILY THAYER, and for

their Complaint against BLAINE COUNTY SCHOOL DISTRICT #61 ("BCSD"),

GWENCAROL HOLMES ("Superintendent Holmes"), AMANDA LACHANCE ("Board Clerk

LaChance"), HEATHER CROCKER ("Defendant Crocker"), TERESA MCGOFFIN

("Defendant McGoffin"), JOHN P. PEARCE ("Principal Pearce"), KEITH NELSON ("Vice

Principal Nelson"), MICHAEL GLENN ("Principal Glenn), and JOHN DOE (collectively, the

"Defendants"), allege as follows:

## I.    INTRODUCTION AND SUMMARY

1.    This lawsuit contains two separate incidents where the Defendants unlawfully

restricted students' free speech rights. In the first case, a high school student was prevented from

asking questions about her school district's superintendent as part of a homework assignment. In

the second case, a high school student's report to the Board of Trustees was redacted, in part,

because it contained concerns the school district administration did not agree with. In both cases,

the Blaine County School District silenced student free speech solely because it disagreed with the content of that speech.

2.      Dakota King Hutton was a senior at Wood River High School (WRHS) in the fall of 2017. She submitted an opinion poll to thirty random students and staff in accordance with a social studies class homework assignment. The opinion poll asked five questions in total; three of those questions related to BCSD Superintendent GwenCarol Holmes.

3.      The Defendants deleted the poll because they deemed it a professional evaluation of Superintendent Holmes and claimed it violated an unnamed state law. While the Defendants told Ms. King Hutton that she had done nothing wrong, Ms. King Hutton was still reprimanded and given a no-grade for the assignment. She suffered substantial embarrassment and emotional distress surrounding the claimed inappropriateness of her homework assignment and the subsequent publicity of the event in her school.

4.      Emily Thayer was also a senior at WRHS in the fall of 2017. In her capacity as the appointed Student Representative for the entire WRHS student body, Emily submitted a WRHS Student Board Representative Liaison Report in accordance with district policies. Her report was approved by her mentor, a WRHS teacher, and Vice Principal Julia Grafft.

5.      The redacted portion of Ms. Thayer's report expressed student concerns regarding the Defendant's choice to change that year's graduation date.

6.      Ms. Thayer's report was censored and redacted by the Defendants before being presented to the Blaine County School District (BCSD) Board of Trustees. Ms. Thayer was never provided a justification for the Defendant's actions, and it can only be presumed that the school wished to silence criticism of its unpopular actions.

7.      After submittal of Ms. Thayer's redacted report to the Board of Trustees, the BCSD amended its interpretation of district policies as a *post hoc* justification for their actions. The censorship and redaction by the Defendants prevented Ms. Thayer, and the student body she was appointed to represent, from participating in a public process and affecting its outcome.

8.      The Defendants and the BCSD Board of Trustees were made aware of both of these incidents through emails, public comment, or official public meeting. Both Ms. King Hutton and Ms. Thayer have only ever requested acknowledgment of the mistake by the Defendants and an apology. By making Defendants and the BCSD Board of Trustees aware of these issues, Ms. King and Ms. Thayer hoped that they would be able to prevent future First Amendment violations for other students. The Defendants have failed to appropriately remedy their unlawful restrictions of Ms. Thayer's and Ms. King Hutton's free speech rights, they have refused to meet with the Plaintiffs to discuss these issues, and they have refused to take responsibility for unconstitutional actions.

9.      The Supreme Court of the United States has long recognized the right to freedom of speech in public schools. High school students do not lose their right to freedom of expression or speech simply upon entering school grounds. *Tinker v. Des Moines Independent School District*, 393 U.S. 503, 89 S.Ct. 733 (1969). "State-operated schools may not be enclaves of totalitarianism." *Id*.

10.     "In the absence of a specific showing of constitutionally valid reasons to regulate their speech, students are entitled to freedom of expression of their views." *Id*. at 511.

11.     While public school students' first amendment rights are limited in ways persons outside the school premises are not, such limitations have clear bounds. In *Hazelwood School*

*District v. Kuhlmeier*, the court tightened the reins on student free speech stating that "educators do not offend the First Amendment by exercising editorial control over the style and content of student speech in school-sponsored expressive activities so long as their actions are reasonably related to legitimate pedagogical concerns." *Hazelwood School District*, 484 U.S. 260, 273, 108 S.Ct. 562, 571 (1988).

12.     The school district acted without a pedagogical reason in both Ms. King Hutton's and Ms. Thayer's cases. All BCSD policies and Idaho state laws were followed. No laws were broken. And, the Defendants have failed to provide a pedagogical rationale to justify their actions.

13.     As a result of the Defendants' actions, as well as certain conduct by one or more of the Defendants, Ms. King Hutton's and Ms. Thayer's First Amendment rights to speak freely and ask questions while at their high school were violated.

## II.     <u>JURISDICTION AND VENUE</u>

14.     This action arises under the United States Constitution, particularly the First and Fourteenth Amendments, and the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988.

15.     This Court has original jurisdiction over these federal claims pursuant to 28 U.S.C. § 1331, as this action arises under the First and Fourteenth Amendments to the United States Constitution; pursuant to 28 U.S.C. § 1343, in that it is brought to redress deprivations, under color of state law, of rights, privileges, and immunities secured by the United States Constitution; and under 28 U.S.C. § 1343(a)(4), in that it seeks to recover damages and secure equitable relief under an Act of Congress, specifically, 42 U.S.C. § 1983, which provides a cause of action for the protection of civil and constitutional rights.

16.     This Court has authority to grant the requested declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

17.     This Court has authority to issue the requested injunctive relief pursuant to 42 U.S.C. § 1983 and Federal Rule of Civil Procedure 65.

18.     This Court has the authority to award attorney's fees and costs pursuant to 42 U.S.C. § 1988.

19.     Venue is proper in the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the instant claim occurred within this District and because at least one Defendant resides in this District.

### III.     PLAINTIFFS

20.     Dakota King Hutton is now an adult, competent to bring this action. She is a citizen of the State of Idaho and currently resides in Canyon County, Idaho, where she attends college at Northwest Nazarene University.  She was a full-time student at Wood River High School at all times relevant to this complaint.

21.     Emily Thayer is now an adult, competent to bring this action. She is a citizen of the State of Idaho and currently a resident of San Luis Obispo County, California, where she attends college at California Polytechnic State University San Luis Obispo. She was a full-time student at Wood River High School at all times relevant to this complaint.

### IV.     DEFENDANTS

22.     Defendant BLAINE COUNTY SCHOOL DISTRICT #61 ("BCSD") is, and has been at all times relevant to the facts at issue in this case, a political subdivision, body corporate and politic, and school district of the State of Idaho. BCSD governs and operates Wood River

High School, where Plaintiffs were students. BCSD and Wood River High School receive federal financial assistance, as they did at all times relevant to this complaint.

23.     Defendant GWENCAROL HOLMES ("Superintendent Holmes") is, and has been at all times relevant to the facts at issue in this case, the Superintendent of the BCSD. She was one of the BCSD administrators who made the decision to delete Ms. King Hutton's opinion poll and redact Ms. Thayer's report. Superintendent Holmes directed the actions of other Defendants at various times relevant to this complaint. In her executive role, Superintendent Holmes' responsibilities include initiating and implementing changes to BCSD policies as well as interpreting and executing those policies.

24.     Defendant AMANDA LACHANCE ("Board Clerk LaChance") is, and has been at all times relevant to the facts at issue in this case, the Clerk of the Board for the BCSD. She was one of the individuals responsible for omitting, redacting, and otherwise censoring Ms. Thayer's report to the BCSD Board of Trustees. Board Clerk LaChance submitted Ms. Thayer's redacted report to the Board of Trustees, and she sent the email outlining new interpretations of BCSD policies.

25.     Defendant HEATHER CROCKER ("Defendant Crocker") is, and has been at all times relevant to the facts at issue in this case, the Director of Communications for the BCSD. She is one of the individuals responsible for deleting Ms. King Hutton's opinion poll.

26.     Defendant TERESA MCGOFFIN ("Defendant McGoffin") is, and has been at all times relevant to the facts at issue in this case, the Director of Technology for the BCSD. She is one of the individuals responsible for deleting Ms. King Hutton's opinion poll, and she is responsible for managing BCSD's Google Drive accounts and Google Forms.

27.     Defendant JOHN P. PEARCE ("Principal Pearce") is, and has been at all times relevant to the facts at issue in this case, the Principal at Wood River High School. He is one of the individuals responsible for deleting Ms. King Hutton's opinion poll.

28.     Defendant KEITH NELSON ("Vice Principal Nelson") is, and has been at all times relevant to the facts at issue in this case, the Vice Principal at Wood River High School. He is one of the individuals responsible for deleting Ms. King Hutton's opinion poll.

29.     Defendant MICHAEL GLENN ("Principal Glenn") is, and has been at all times relevant to the facts at issue in this case, the Principal at Silver Creek High School. He is one of the individuals responsible for omitting, redacting, and otherwise censoring Ms. Thayer's report to the BCSD Board of Trustees.

30.     Defendant JOHN DOE (whose true name is not yet known to the plaintiffs) is, and has at all times relevant to the facts at issue in this case, been in charge of enforcing  BCSD policies, managing the dispersal of documents through the BCSD Google Drive and other relevant information systems, and/or reviewing reports of student representatives of the BCSD. Defendant John Doe acted under the color of state law when he/she violated Plaintiff's first amendment rights to free expression. Defendant John Doe is sued individually and in their official capacity.

## V.     STATEMENT OF FACTS

### A.     Violation of Ms. King Hutton's Constitutional Rights

31.     In the fall of 2017, Ms. King Hutton was required to develop an opinion poll as part of a homework assignment for an AP Government class at the Wood River High School.

32.     Ms. King Hutton chose to create an opinion poll about her school district and Superintendent Holmes (Exhibit 1). The opinion poll asked the following five questions:

      i.    What is your opinion of Dr. GwenCarol Holmes' job performance?

      ii.    What grade are you in?

      iii.    Do you think Wood River High School has changed positively or negatively since Holmes has been Superintendent?

      iv.    Do you think having GwenCarol Holmes as superintendent has affected the teacher's performance positively or negatively?

      v.    What's next?

33.     Upon completion of this assignment, the poll was sent out via inhouse email and the BCSD's Google Drive system for completion by 30 random students and staff at BCSD. The poll was not sent out to the general public.

34.     On November 6, 2017, a teacher at Carey High School, Elizabeth Young, alerted Defendant McGoffin to the poll created by Ms. King Hutton.

35.     Later that day, Defendant McGoffin forwarded the poll to Vice Principal Nelson.

36.     On November 7, 2017, Defendant McGoffin forwarded the poll to Superintendent Holmes.

37.     On November 7, 2017, Vice Principal Nelson sent an email to Defendant McGoffin explaining the nature of the poll and that it "seems innocent enough."

38.     Later that same day, Defendant McGoffin showed Superintendent Holmes the opinion poll.

39. On November 8, 2017, Superintendent Holmes emailed the BCSD Board of Trustees and Board Clerk LaChance regarding Ms. King Hutton's poll. Superintendent Holmes stated that the poll was "an evaluation of me." Superintendent Holmes then stated that Defendant McGoffin talked with Defendant Crocker and other staff at the WRHS and "shut the survey down."

40. Between November 6 and November 8, 2017, Ms. King Hutton was taken out of class and questioned about the poll by Vice Principal Nelson. She was told that she was not in trouble and that she had done nothing wrong, but that the poll was in violation of an undisclosed school policy and uncited Idaho laws.

41. On November 8, 2017, Defendants deleted Ms. King Hutton's homework assignment and opinion poll. This was the same day that she was questioned by Vice Principal Nelson. The opinion poll was deleted because it asked questions about Superintendent Holmes.

42. Ms. King Hutton suffered embarrassment and fear of retribution if she asked questions about Superintendent Holmes decision. Ms. King Hutton was fearful of losing scholarship opportunities (Superintendent Holmes heads many local scholarship committees), her ability to go to college, and the privilege of competing in school athletics. Ms. King Hutton was ostracized by school administrators and some of her classmates as a result of the Defendant's actions.

43. On November 8, 2017, Superintendent Holmes emailed the AP Government teacher responsible for assigning Ms. King Hutton the opinion poll project and gave suggestions on appropriate content. Superintendent Holmes also stated that Ms. King Hutton's poll violated Idaho Code, but again, no specific section of Idaho Code was cited.

44.    Upon information and belief, the AP Government teacher responsible for assigning this opinion poll project was required and/or coerced into providing an apology to Superintendent Holmes.

45.    Ms. King Hutton's opinion poll, as assigned, did not violate any school policies or Idaho state laws. In fact, Ms. King Hutton contacted a Boise State University political science professor through email and telephone calls and asked him to review her opinion poll. This was an attempt by Ms. King Hutton to further understand any potential problems with her opinion poll. This Boise State University professor saw no reason for deleting her opinion poll.

46.    On May 23, 2018, Ms. King Hutton's attorney drafted a letter to the BCSD Board of Trustees. That letter outlined the actions taken by Ms. King Hutton and the Defendants. It also explained students' First Amendment rights in school settings. That letter requested two things. First, Ms. King Hutton requested a meeting with WRHS administrators and Superintendent Holmes, in the presence of the Board of Trustees, where Superintendent Holmes could explain her decision to delete the poll. Second, Ms. King Hutton requested an apology to her and to the teacher who assigned the opinion poll project.

47.    On May 31, 2018, the Board of Trustees replied via a letter with Superintendent Holmes' letterhead. In that letter, the Board of Trustees denied any wrongdoing and did not consent to a meeting. They did indicate that Ms. King Hutton could address the Board of Trustees at a public meeting.

48.    On July 3, 2018, Ms. King Hutton's attorney sent a follow-up letter to the Board of Trustees disagreeing with the Board's explanations and inadequate options to move forward. At this point, Ms. King Hutton again requested an apology and an acknowledgment that a

mistake had been made; she dropped her request for an in-person meeting as a show of reasonableness and compromise.

49.     The Defendants did not respond to Ms. King Hutton's July 3, 2018 letter.

50.     On July 17th, 2018, Ms. King Hutton made public comment to the BCSD Board of Trustees through her attorney. Those comments again explained Ms. King Hutton's concern and disappointment.

51.     The Defendants failed to follow-up with Ms. King Hutton's complaint and have refused to have any meetings with her and her attorney.

52.     Defendants directly dictated the content of Ms. King Hutton's opinion poll by summarily deleting it in its entirety, and Defendants conspired and did prevent Ms. King Hutton from simply asking questions that were not offensive or inappropriate in any way.

53.     Defendants actions were motivated by administrative insecurity and the desire to extinguish the mere possibility of criticism of the school district and its administrators.

**B.      Violation of Ms. Thayer's Constitutional Rights.**

54.     On or about September 12, 2017, the Defendants redacted, omitted, and otherwise censored a report to the Blaine County School District Board of Trustees written by Emily Thayer, as an appointed Wood River High School Student Board Representative.

55.     Ms. Thayer was appointed as the Wood River High School Student Board Representative for her junior and senior years of high school. This position required Ms. Thayer to write and submit a monthly report to the BCSD Board of Trustees, as provided for in BCSD Policy 220.10 (formerly 203.04c). In pertinent part, BCSD Policy 220.10 requires student representatives like Ms. Thayer "[t]o represent, to the best of his/her knowledge, the opinion and

issues of the students who he/she represent" and "[t]o state his/her individual opinion in order to help inform Board discussion and decisions."

56.    Ms. Thayer drafted and submitted a report to the BCSD Board of Trustees, as allowed under BCSD Policy 220.10. Part of that report discussed student concern and opposition to the change of that year's graduation date.

57.    Ms. Thayer's Student Board Representative report was approved by her mentor.

58.    The report followed the requirements of BCSD Policy 220.10.

59.    On September, 12, 2017 - the date of that month's Board of Trustees' meeting - Ms. Thayer submitted her report to the Student Board Liaison to the Board of Trustees, Sera Begay. Ms. Begay was a student at Silver Creek High School, which is one of the three high schools in the BCSD. She was also the BCSD's active Student Board Liaison at that time. (Each of the three high schools in the BCSD appoints a Student Board Representative who shares Student Board Liaison duties throughout the year.)

60.    Upon information and belief, Superintendent Holmes and Silver Creek High School Principal Mike Glenn instructed Sera Begay that she could not submit Ms. Thayer's entire report. Specifically, Ms. Begay was instructed to redact and omit the section of Ms. Thayer's report that discussed student concerns over the change in that year's graduation date.

61.    Ms. Begay relayed Superintendent Holmes' and Principal Glenn's concerns to Ms. Thayer via email.

62.    Ms. Thayer subsequently sought reassurance from her mentor that her report was in compliance with BCSD Policy 220.10 and asked what additional steps she could take to ensure that her report was presented to the board in its entirety. Ms. Thayer redrafted her report

in an effort to make the students' concerns regarding the graduation date as objective, polite, and respectful as possible. This new draft was then sent to Ms. Begay.

63.     That same day, and after redrafting her report to accommodate Ms. Begay's concerns, Ms. Thayer and her mentor reached out to Vice Principal Grafft to ensure that the report was in compliance with all school policies. Ms. Grafft approved of Ms. Thayer's redrafted report.

64.     Ms. Thayer and her mentor then contacted Board Clerk LaChance and inquired about how to ensure Ms. Thayer's report was presented in its entirety at that night's Board of Trustees meeting. As a result of that conversation, Ms. Thayer's mentor put a physical copy of Ms. Thayer's report on Ms. Begay's seat in the meeting room used for that night's Board of Trustees meeting.

65.     Unfortunately, Ms. Thayer's report was not submitted to the Board of Trustees in its entirety. The Defendants redacted, omitted, and censored the section of Ms. Thayer's student representative report to the BCSD Board of Trustees that voiced student concerns regarding the graduation date. The following section of Ms. Thayer's report was redacted, omitted, and otherwise censored:

*The students of Wood River would like to thank the board for encouraging students to use their voice and to express their opinions in a positive manner. In the spirit of student voice, I would like to express concern shared throughout the student body in regards to changes made to the school calendar, specifically the graduation date. Students were looking forward to the announced date of June 1st, and when this changed unexpectedly, many students were both confused and disappointed. The students of Wood River hope to have*

*a voice in this decision, since it concerns them most directly. We hope that, as the leaders*
*of our district, the board will patiently and thoughtfully listen to our students, parents,*
*and staff members in regards to this issue. We politely ask that they consider all options*
*and if possible, reinstate the graduation date of Friday, June 1st.*

66.    On September 18, 2017, after Ms. Thayer's report was omitted, redacted, and
otherwise censored by the Defendants, the Board Clerk LaChance sent an email to Ms. Thayer
and other student representatives clarifying new procedures with regard to student board
representative reports to the Board of Trustees. Superintendent Holmes was CC'd on this email.

67.    Upon information and belief, the September 18, 2017 email was sent from Board
Clerk LaChance at the direction of Superintendent Holmes. This email detailed new
interpretations regarding Student Representative reports to the Board of Trustees. Specifically,
the "updated process" included a statement that said, "This is your time to provide an update on
your school and a time to share the **good news**." (emphasis added).

68.    On October 9, 2017, Ms. Thayer sent a well-written, professional, and courteous
email to the BCSD Board of Trustees to alert them of the Defendant's improper actions (Exhibit
2). That email explained her frustration about the omission, redaction and censoring of her
report.  Ms. Thayer's email also contained the omitted excerpt from her report. Defendants took
no actions to remedy the problem.

69.    Then Board of Trustee, Ellen Mandeville, was the only individual to respond to
Ms. Thayer's email. In her email, Trustee Mandeville stated that she was unaware of Ms.
Thayer's report and the new interpretation of Policy 220.10. Trustee Mandeville also stated that

she would substantively reply to Ms. Thayer's email sometime in the near future. Trustee Mandeville never followed-up.

70.     At some point after September 12, 2017, Ms. Thayer's father had a conversation with Principal Glenn. He asked Principal Glenn why his daughter's report was redacted. Principal Glenn said that Superintendent Holmes directed him to redact Ms. Thayer's report.

71.     The Defendant's redactions and censoring of Ms. Thayer's report to the Board of Trustees was a direct and unconstitutional limit of her free speech rights.

72.     The Defendant's unofficial clarification of BCSD Policy 220.10 was intended as a *post hoc* justification for limiting Ms. Thayer's free speech rights.

73.     The Defendant's interpretation of BCSD Policy 220.10 continues to limit student free speech to today.

74.     Despite Ms. Thayer's October 9, 2017 email, the Defendants failed to take any remedial action, including republishing Ms. Thayer's report in its entirety or changing their interpretation of BCSD Policy 220.10.

75.     As a result of the Defendant's actions, Ms. Thayer's ability to communicate with the leaders of her school, participate in a public process, and represent her fellow students was unjustifiably limited and her First Amendment right to freedom of speech was violated by the Defendants. Ms. Thayer also suffered emotional distress and fear of retribution from the Defendants. Specifically, Ms. Thayer was fearful of truthfully expressing concerns to the Board of Trustees via future reports to the board.

## VI.     MS. KING HUTTON'S CAUSES OF ACTION

A.   FIRST CAUSE OF ACTION (Violation of Plaintiff's Rights to Free Speech under the

First and Fourteenth Amendments (42 U.S.C. § 1983))

76.   Plaintiffs repeat and reallege each of the foregoing allegations in this Complaint.

77.   The First and Fourteenth Amendments extend to students in public high schools.

*Tinker v. Des Moines Independent School District*, 393 U.S. 503, 89 S.Ct. 733 (1969).

78.   The Defendants have the burden of justifying regulation of student speech. They

have failed to provide such justification.

79.   By deleting Ms. King Hutton's homework assignment, she was deprived of the

right to speak freely. Specifically, and more alarmingly, Ms. King Hutton was denied the

opportunity to ask a question of her peers and school staff. The ability to freely ask questions in a

public high school is a cornerstone of free speech.

80.   The Defendant's acts and omissions violated Ms. King Hutton's equal protection

of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

81.   The acts of the Defendants deprived Ms. King Hutton of her rights under the First

Amendment of the United States Constitution.

82.   At the time of these events, the Defendants were all state actors acting under the

color of state law, and they acted and purported to act in the performance of official duties.

83.   At the time of these events, the BCSD and Superintendent Holmes ratified and

encouraged all other Defendant's behavior. The BCSD and Superintendent Holmes knew of and

specifically approved of deleting Ms. King Hutton's opinion poll.

84.     Ms. King Hutton has suffered harm, including emotional distress and damage to her character and standing in the community as a direct and proximate result of the defendant's acts and deliberate indifference to her rights.

85.     The denial of Ms. King Hutton's constitutional rights has irreparably harmed Ms. King Hutton and she is entitled to declaratory and injunctive relief.

86.     Ms. King Hutton is entitled to a declaration that Defendants violated her First Amendment rights.

87.     Ms. King Hutton is entitled to damages in an amount to be determined by the evidence and this Court, and the reasonable costs of this lawsuit, including reasonable attorneys' fees.

B.     SECOND CAUSE OF ACTION (Freedom of Speech Under the Idaho Constitution.)

88.     Plaintiffs repeat and reallege each of the foregoing allegations in this Complaint.

89.     The Defendant's actions violated the freedom of speech guaranteed by Article I, Section 9, and other provisions of the Idaho Constitution.

90.     Ms. King Hutton is entitled to injunctive relief prohibiting the Defendants from violating her rights - and those of others not before the Court as well - under state law.

91.     Separately and in addition, Ms. King Hutton is entitled to a declaratory judgment declaring that the Defendant's actions in deleting her opinion poll are unconstitutional under the Idaho Constitution.

C.     THIRD CAUSE OF ACTION (Declaratory Judgment and Injunction (28 U.S.C. § 2201, et seq.))

92.     Plaintiffs repeat and reallege each of the foregoing allegations in this complaint.

93. An actual controversy has arisen and now exists between Ms. King Hutton and Defendants concerning Ms. King Hutton's rights under the United States Constitution. A judicial declaration is necessary and appropriate at this time as to the Causes of Action above.

94. Ms. King Hutton desires a judicial determination of her rights against Defendants as they pertain to Ms. King Hutton's right to freely ask questions in an academic setting and complete homework assignments without censorship by Defendants.

95. To prevent further violations of other students' free speech rights, pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. P. 65, it is appropriate and hereby requested that this Court issue preliminary and permanent injunctions prohibiting the Defendants from censoring student speech without Constitutionally appropriate policies and procedures.

## VII.   MS. THAYER'S CAUSES OF ACTION

A.   FOURTH CAUSE OF ACTION (Violation of Ms. Thayer's Rights to Free Speech under the First and Fourteenth Amendments (42 U.S.C. § 1983))

96. Plaintiffs repeat and reallege each of the foregoing allegations in this Complaint.

97. The First and Fourteenth Amendments extend to students in public high schools. *Tinker v. Des Moines Independent School District*, 393 U.S. 503, 89 S.Ct. 733 (1969).

98. The Defendants have the burden of justifying regulation of student speech, and they have failed to provide such justification.

99. Defendants choice to redact, omit, and censor certain parts of Ms. Thayer's report to the Board of Trustees deprived Ms. Thayer of her right to speak freely, both individually and in her capacity as a Wood River High School Student Board Representative.

100.    The Defendant's acts and omissions violated Ms. Thayer's equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution.

101.    At the time of these events, the Defendants were all state actors acting under the color of state law, and they acted and purported to act in the performance of official duties.

102.    At the time of these events, the BCSD and Superintendent Holmes ratified and encouraged all other Defendant's behavior. The BCSD and Superintendent Holmes knew of and specifically approved of redacting, omitting, and censoring Ms. Thayer's report.

103.    Ms. Thayer has suffered harm, including emotional distress and damage to her character and standing in the community as a direct and proximate result of the defendant's acts and deliberate indifference to her rights.

104.    The denial of Ms. Thayer's constitutional rights has irreparably harmed Ms. Thayer and she is entitled to declaratory and injunctive relief.

105.    Ms. Thayer is entitled to a declaration that Defendants violated her First Amendment rights.

106.    Ms. Thayer is entitled to damages in an amount to be determined by the evidence and this Court, and the reasonable costs of this lawsuit, including reasonable attorneys' fees.

B.    <u>FIFTH CAUSE OF ACTION (Freedom of Speech Under the Idaho Constitution.)</u>

107.    Plaintiffs repeat and reallege each of the foregoing allegations in this Complaint.

108.    The Defendant's actions violated the freedom of speech guaranteed by Article I, Section 9, and other provisions of the Idaho Constitution.

109.    Ms. Thayer is entitled to injunctive relief prohibiting the Defendants from violating her rights - and those of others not before the Court as well - under state law.

110.    Separately and in addition, Ms. Thayer is entitled to a declaratory judgment declaring that the Defendant's actions to redact, omit, and censor certain parts of Ms. Thayer's report to the Board of Trustees are unconstitutional under the Idaho Constitution.

C.    SIXTH CAUSE OF ACTION (Declaratory Judgment and Injunction (28 U.S.C. § 2201, et seq.))

111.    Plaintiffs repeat and reallege each of the foregoing allegations in this complaint.

112.    An actual controversy has arisen and now exists between Ms. Thayer and Defendants concerning Ms. Thayer's rights under the United States Constitution. A judicial declaration is necessary and appropriate at this time as to the Causes of Action above.

113.    Ms. Thayer desires a judicial determination of her rights against Defendants as they pertain to Ms. Thayer's right to freely write a report to the Board of Trustees, per school policy, without redactions and censorship by Defendants.

114.    To prevent further violations of other students' free speech rights, pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. P. 65, it is appropriate and hereby requested that this Court issue preliminary and permanent injunctions prohibiting the Defendants from censoring student speech without Constitutionally appropriate policies and procedures.

### VIII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Ms. King Hutton and Ms. Thayer respectfully request that the Court enter judgment against Defendants and provide Plaintiffs the following relief:

A.  A declaratory judgment stating that Defendant's action in deleting Ms. King Hutton's homework assignment violated Ms. King Hutton's rights as guaranteed under the First and Fourteenth Amendments of the United States Constitution;

B. A declaratory judgment stating that Defendant's action in redacting, omitting, and censoring Ms. Thayer's report to the Board of Trustees violated Ms. Thayer's rights as guaranteed under the First and Fourteenth Amendments of the United States Constitution;

C. Preliminary and permanent injunctions restraining enforcement of Defendant's unconstitutional interpretation of state law and BCSD Policy 220.10;

D. Monetary damages in an amount to be determined by a jury or the Court to compensate for the Defendant's actions in deleting Ms. King Hutton's homework assignment and redacting and censoring Ms. Thayer's report to the Board of Trustees;

E. Plaintiff's reasonable costs and expenses in this action, including attorney fees under 42 U.S. Code § 1988 and other applicable law; and

F. All other further relief to which Plaintiffs may be entitled.

## IX.   DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues properly triable by jury in this action.

Respectfully submitted: 04/08/2019

LINNET LAW OFFICE, PLLC

/s/ Samuel L. Linnet
Samuel L. Linnet (9788)
Attorney for Ms. King Hutton and Ms. Thayer

**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Dakota King Hutton, declare the following:

1. I have personal knowledge of the matters alleged in the complaint.
2. The allegations contained herein are true and accurate.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Executed this: 04/08/2019

/s/ Dakota King Hutton
Dakota King Hutton
Plaintiff


**VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Emily Thayer, declare the following:

3. I have personal knowledge of the matters alleged in the complaint.
4. The allegations contained herein are true and accurate.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Executed this: 04/06/2019

/s/ Emily Thayer
Emily Thayer
Plaintiff

Exhibit 1







Do you think the Wood River High School has changed positively or negatively since Holmes has been Superintendent?

30 responses

- Positively
- Negatively
- No Change

83.3%   13.3%

Do you think having GwenCarol Holmes as superintendent has affected the teachers performance positively or negatively?

MacBook Air



**What's next?**

30 responses

- Things need to change
- I am fine with how the school currently is
- I really don't care
- Things need to be changed

23.3%   10%   63.3%

Express Yourself

MacBook Air

Exhibit 2

# New BCSD Process Limits Student Representatives' Voice

email: "thayeemi000@bcsd61.org Emily"       Monday, October 9, 2017 at 8:31:58 PM Mountain Daylight Time
To: email: "ellenmandeville@blaineschools.org Ellen Mandeville" , email: "shawnbennion@blaineschools.org Shawn Bennion" , email: "robclayton@blaineschools.org Rob Clayton" , email: "kellygreen@blaineschools.org Kelly Green" , email: "kevingarrison@blaineschools.org Kevin Garrison"

Dear Trustees,

As the WRHS Student Body Representative, it is my understanding that my responsibility is to convey student perspectives to the board. However, this belief was shattered when, at the September 12, 2017 board meeting, key concerns shared throughout the WRHS student body were needlessly omitted from the Wood River report.

I feel strongly about this issue, and I believe the board should know the following:

- The omitted portion of my report was approved by my mentor and Vice Principal at Wood River High School, it adhered to the BCSD Policy #203.4c, and followed all rules in length and format.
- After my report was omitted, I received an email detailing new responsibilities of the board reps that district leadership was more comfortable with. It is my strong belief that this new process limits student voice. This new process is counter to the professional development program promoted by Dr. Holmes'; *Student Voice – An Instrument of Change* by Russell Quaglia.
- I take the responsibility of representing my fellow students' voices seriously. When I took on this role, I understood that I was to provide information on student activities, achievement, and most importantly, concerns that students are passionate about at WRHS. Now, I wonder if the original intent of the position has been weakened.

Firstly, I would like to make clear that on the afternoon of September 12, my mentor and vice principal did their jobs as student advisors. Even beyond that, they supported my attempt of expressing student voice and encouraged my efforts. I am grateful for them and all they do.

I do not know if the board members have been made aware of this, so, the concerns of the WRHS student body which were omitted from my report are as follows:

> *The students of Wood River would like to thank the board for encouraging students to use their voice and to express their opinions in a positive manner. In the spirit of student voice, I would like to express concern shared throughout the student body in regards to changes made to the school calendar, specifically the graduation date. Students were looking forward to the announced date of June 1st, and when this changed unexpectedly, many students were both confused and disappointed. The students of Wood River hope to have a voice in this decision, since it concerns them most directly. We hope that, as the leaders of our district, the board will patiently and thoughtfully listen to our students, parents, and staff members in regards to this issue. We politely ask that they consider all options and if possible, reinstate the graduation*
> *date of Friday, June 1st.*

My report was within the time allowed by BCSD Policy 203.4c governing student board reports. I was also very diligent in my attempt to make sure that the sitting liaison saw my report by explicitly placing a printed copy of

the report on her desk in the Minnie Moore room in preparation for the meeting that evening. With all this effort, I am frustrated and confused as to why the entirety of my report was not given!

Just about the time my frustration reduced and my focus returned to my studies, I received an email from the BCSD office on September 18th regarding changes to the process of student rep reports. In my opinion, the new process undermines student voice, is not in line with the policy, and reduces authentic communication between the student body and the school board.

As stated in the first sentence of Policy 203.4c, the intent of the student board rep position is to, "present information to the board to aid in the decision making and information gathering roles." Furthermore, the first two pages of the policy asks for reporting on Issues and concerns at least five separate times (Pg. 1, Sect. II, paragraph 1, twice on Pg. 1, Sect II, bullet 5, Pg. 1, Sect. II, bullet 1, Pg. 2 Sect. III, and Paragraph 1). For example, Pg. 2 Sect. III states, "provide information and opinions from a student perspective regarding board matters and that the Board is able to **directly** receive information about activities, interests **and concerns**…"

Counter to the policy, the new BCSD process never specifies presenting issues or concerns  Rather, the new process states , "this is your time to provide an update on your school and a time to share the good news". Additionally, the third and fourth bullet points of the new process deal with procedure to address agenda and non-agenda topics, however, the policy never refers to agenda nor non-agenda topics, therefore, the new process is without ground to stand on.  In my eyes, the policy is like a law and the process is like the enforcement of the law. The policy should guide the process so that effective enforcement can happen. However, the new process does not correspond with the governing policy's intent of bringing issues and concerns of the student body to the board, and therefore is not valid

As a leader at the high school, I was asked to read the book *Student Voice - An Instrument of Change* by Russell Quaglia. The book states, "When students know they are being heard, they develop self-worth, engage meaningfully in their own academic success and become purposeful in their own education". Given what happened to my report at the last board meeting, it is ironic that this book is being used as a model of behavior for our district, but is not put into practice.

I want to be clear that the staff, teachers and administrators at WRHS are exceptional and without them I would not have the skills or confidence to be successful in this position and my future. Through this process, I have learned that many people feel that there is a repeated pattern of suppression of parent, teacher and student voices. How can our schools improve if BCSD focuses only on good news, and not the true concerns of our most valuable assets; our students.

Finally, the real injustice is not with the content that was omitted from my report. Rather, the greater transgression is that the new process will inhibit any authentic communication from the students to the board members from here forward. My greatest goal is to facilitate authentic communication and make the voices of the students heard. I look forward to your reply.

Thank you for your time and commitment to the students of Blaine County School District.

Respectfully,


Emily Thayer

For clarity, please see below the email I received on September 18th regarding the new Student Board Representative process;

Good Morning Liaisons!

Please take a moment and read over the updated process outlined below regarding the Liaison Report and how to address the Board with concerns on behalf of your student body should they come up.

- Please have your monthly liaison report reviewed by your mentor before submitting it to the sitting liaison (currently Sara Begay at Silver Creek High School). These reports are due to the sitting liaison by <u>4:00 on the Friday before the Board meeting</u>. You will receive an email from me the Wednesday before the meeting with a reminder to submit your report by that Friday.

- Your report should include information about school events, activities, or important updates that you feel the Board should be made aware. This is your time to provide an update on your school and a time to share the good news.

- If you would like to share your thoughts on an agenda item, please talk with your mentor first. Once you and your mentor have a plan, please come to me with your plan to address the Board and I will give the Chairman a heads up so that he is prepared. <u>I must be given notice that you would like to address the Board on an agenda item before the Board meeting day.</u> If you are not the sitting liaison, please be prepared to attend this meeting and address the Board on behalf of your school when the agenda item is up for discussion.

- If you would like to address the Board regarding a topic that is not on the agenda, you can do so through public comment and I am happy to assist you with this process.

Thank you and please let me know if you have any additional questions or concerns.

Best wishes, Amanda

---

**email: "robclayton@blaineschools.org Rob Clayton"**      **Tuesday, October 10, 2017 at 12:25:28 PM Mountain Daylight Time**
To: email: "gholmes@blaineschools.org GwenCarol Holmes"

Begin forwarded message:

**From:** Emily <<u>thayeemi000@bcsd61.org</u>>
**Subject: New BCSD Process Limits Student Representatives' Voice**
**Date:** October 9, 2017 at 8:31:58 PM MDT
**To:** Ellen Mandeville <<u>ellenmandeville@blaineschools.org</u>>, Shawn Bennion <<u>shawnbennion@blaineschools.org</u>>, Rob Clayton <<u>robclayton@blaineschools.org</u>>, Kelly Green <<u>kellygreen@blaineschools.org</u>>, Kevin Garrison <<u>kevingarrison@blaineschools.org</u>>

Dear Trustees,

As the WRHS Student Body Representative, it is my understanding that my responsibility is to convey student perspectives to the board. However, this belief was shattered when, at the September

12, 2017 board meeting, key concerns shared throughout the WRHS student body were needlessly omitted from the Wood River report.

I feel strongly about this issue, and I believe the board should know the following:

- The omitted portion of my report was approved by my mentor and Vice Principal at Wood River High School, it adhered to the BCSD Policy #203.4c, and followed all rules in length and format.
- After my report was omitted, I received an email detailing new responsibilities of the board reps that district leadership was more comfortable with. It is my strong belief that this new process limits student voice. This new process is counter to the professional development program promoted by Dr. Holmes'; *Student Voice – An Instrument of Change* by Russell Quaglia.
- I take the responsibility of representing my fellow students' voices seriously. When I took on this role, I understood that I was to provide information on student activities, achievement, and most importantly, concerns that students are passionate about at WRHS. Now, I wonder if the original intent of the position has been weakened.

Firstly, I would like to make clear that on the afternoon of September 12, my mentor and vice principal did their jobs as student advisors. Even beyond that, they supported my attempt of expressing student voice and encouraged my efforts. I am grateful for them and all they do.

I do not know if the board members have been made aware of this, so, the concerns of the WRHS student body which were omitted from my report are as follows:

> *The students of Wood River would like to thank the board for encouraging students to use their voice and to express their opinions in a positive manner. In the spirit of student voice, I would like to express concern shared throughout the student body in regards to changes made to the school calendar, specifically the graduation date. Students were looking forward to the announced date of June 1st, and when this changed unexpectedly, many students were both confused and disappointed. The students of Wood River hope to have a voice in this decision, since it concerns them most directly. We hope that, as the leaders of our district, the board will patiently and thoughtfully listen to our students, parents, and staff members in regards to this issue. We politely ask that they consider all options and if possible, reinstate the graduation date of Friday, June 1st.*

My report was within the time allowed by BCSD Policy 203.4c governing student board reports. I was also very diligent in my attempt to make sure that the sitting liaison saw my report by explicitly placing a printed copy of the report on her desk in the Minnie Moore room in preparation for the meeting that evening. With all this effort, I am frustrated and confused as to why the entirety of my report was not given!

Just about the time my frustration reduced and my focus returned to my studies, I received an email from the BCSD office on September 18th regarding changes to the process of student rep reports. In my opinion, the new process undermines student voice, is not in line with the policy, and reduces authentic communication between the student body and the school board.

As stated in the first sentence of Policy 203.4c, the intent of the student board rep position is to, "present information to the board to aid in the decision making and information gathering roles." Furthermore, the first two pages of the policy asks for reporting on Issues and concerns at least five separate times (Pg. 1, Sect. II, paragraph 1, twice on Pg. 1, Sect II, bullet 5, Pg. 1, Sect. II, bullet 1, Pg. 2 Sect. III, and Paragraph 1). For example, Pg. 2 Sect. III states, "provide information and opinions from a student perspective regarding board matters and that the Board is able to **directly** receive information about activities, interests **and concerns**…"

Counter to the policy, the new BCSD process never specifies presenting issues or concerns  Rather, the new process states , "this is your time to provide an update on your school and a time to share the good news". Additionally, the third and fourth bullet points of the new process deal with procedure to address agenda and non-agenda topics, however, the policy never refers to agenda nor non-agenda topics, therefore, the new process is without ground to stand on.  In my eyes, the policy is like a law and the process is like the enforcement of the law. The policy should guide the process so that effective enforcement can happen. However, the new process does not correspond with the governing policy's intent of bringing issues and concerns of the student body to the board, and therefore is not valid

As a leader at the high school, I was asked to read the book *Student Voice - An Instrument of Change* by Russell Quaglia. The book states, "When students know they are being heard, they develop self-worth, engage meaningfully in their own academic success and become purposeful in their own education". Given what happened to my report at the last board meeting, it is ironic that this book is being used as a model of behavior for our district, but is not put into practice.

I want to be clear that the staff, teachers and administrators at WRHS are exceptional and without them I would not have the skills or confidence to be successful in this position and my future. Through this process, I have learned that many people feel that there is a repeated pattern of suppression of parent, teacher and student voices. How can our schools improve if BCSD focuses only on good news, and not the true concerns of our most valuable assets; our students.

Finally, the real injustice is not with the content that was omitted from my report. Rather, the greater transgression is that the new process will inhibit any authentic communication from the students to the board members from here forward. My greatest goal is to facilitate authentic communication and make the voices of the students heard. I look forward to your reply.

Thank you for your time and commitment to the students of Blaine County School District.

Respectfully,


Emily Thayer


For clarity, please see below the email I received on September 18th regarding the new Student Board Representative process;

Good Morning Liaisons!

Please take a moment and read over the updated process outlined below regarding the Liaison Report and how to address the Board with concerns on behalf of your student body should they come up.

- Please have your monthly liaison report reviewed by your mentor before submitting it to the sitting liaison (currently Sara Begay at Silver Creek High School). These reports are due to the sitting liaison by 4:00 on the Friday before the Board meeting. You will receive an email from me the Wednesday before the meeting with a reminder to submit your report by that Friday.

- Your report should include information about school events, activities, or important updates that you feel the Board should be made aware. This is your time to provide an update on your school and a time to share the good news.

- If you would like to share your thoughts on an agenda item, please talk with your mentor first. Once you and your mentor have a plan, please come to me with your plan to address the Board and I will give the Chairman a heads up so that he is prepared. I must be given notice that you would like to address the Board on an agenda item before the Board meeting day. If you are not the sitting liaison, please be prepared to attend this meeting and address the Board on behalf of your school when the agenda item is up for discussion.

- If you would like to address the Board regarding a topic that is not on the agenda, you can do so through public comment and I am happy to assist you with this process.

Thank you and please let me know if you have any additional questions or concerns.

Best wishes, Amanda

# New BCSD Process Limits Student Representatives' Voice

**email: "thayeemi000@bcsd61.org Emily"**       **Monday, October 9, 2017 at 8:31:58 PM Mountain Daylight Time**
To: email: "ellenmandeville@blaineschools.org Ellen Mandeville" , email: "shawnbennion@blaineschools.org Shawn Bennion"
, email: "robclayton@blaineschools.org Rob Clayton" , email: "kellygreen@blaineschools.org Kelly Green" , email:
"kevingarrison@blaineschools.org Kevin Garrison"

Dear Trustees,

As the WRHS Student Body Representative, it is my understanding that my responsibility is to convey student perspectives to the board. However, this belief was shattered when, at the September 12, 2017 board meeting, key concerns shared throughout the WRHS student body were needlessly omitted from the Wood River report.

I feel strongly about this issue, and I believe the board should know the following:

- The omitted portion of my report was approved by my mentor and Vice Principal at Wood River High School, it adhered to the BCSD Policy #203.4c, and followed all rules in length and format.
- After my report was omitted, I received an email detailing new responsibilities of the board reps that district leadership was more comfortable with. It is my strong belief that this new process limits student voice. This new process is counter to the professional development program promoted by Dr. Holmes'; *Student Voice – An Instrument of Change* by Russell Quaglia.
- I take the responsibility of representing my fellow students' voices seriously. When I took on this role, I understood that I was to provide information on student activities, achievement, and most importantly, concerns that students are passionate about at WRHS. Now, I wonder if the original intent of the position has been weakened.

Firstly, I would like to make clear that on the afternoon of September 12, my mentor and vice principal did their jobs as student advisors. Even beyond that, they supported my attempt of expressing student voice and encouraged my efforts. I am grateful for them and all they do.

I do not know if the board members have been made aware of this, so, the concerns of the WRHS student body which were omitted from my report are as follows:

> *The students of Wood River would like to thank the board for encouraging students to use their voice and to express their opinions in a positive manner. In the spirit of student voice, I would like to express concern shared throughout the student body in regards to changes made to the school calendar, specifically the graduation date. Students were looking forward to the announced date of June 1st, and when this changed unexpectedly, many students were both confused and disappointed. The students of Wood River hope to have a voice in this decision, since it concerns them most directly. We hope that, as the leaders of our district, the board will patiently and thoughtfully listen to our students, parents, and staff members in regards to this issue. We politely ask that they consider all options and if possible, reinstate the graduation*
> *date of Friday, June 1st.*

My report was within the time allowed by BCSD Policy 203.4c governing student board reports. I was also very diligent in my attempt to make sure that the sitting liaison saw my report by explicitly placing a printed copy of

the report on her desk in the Minnie Moore room in preparation for the meeting that evening. With all this effort, I am frustrated and confused as to why the entirety of my report was not given!

Just about the time my frustration reduced and my focus returned to my studies, I received an email from the BCSD office on September 18th regarding changes to the process of student rep reports. In my opinion, the new process undermines student voice, is not in line with the policy, and reduces authentic communication between the student body and the school board.

As stated in the first sentence of Policy 203.4c, the intent of the student board rep position is to, "present information to the board to aid in the decision making and information gathering roles." Furthermore, the first two pages of the policy asks for reporting on Issues and concerns at least five separate times (Pg. 1, Sect. II, paragraph 1, twice on Pg. 1, Sect II, bullet 5, Pg. 1, Sect. II, bullet 1, Pg. 2 Sect. III, and Paragraph 1). For example, Pg. 2 Sect. III states, "provide information and opinions from a student perspective regarding board matters and that the Board is able to **directly** receive information about activities, interests **and concerns**…"

Counter to the policy, the new BCSD process never specifies presenting issues or concerns  Rather, the new process states , "this is your time to provide an update on your school and a time to share the good news". Additionally, the third and fourth bullet points of the new process deal with procedure to address agenda and non-agenda topics, however, the policy never refers to agenda nor non-agenda topics, therefore, the new process is without ground to stand on.  In my eyes, the policy is like a law and the process is like the enforcement of the law. The policy should guide the process so that effective enforcement can happen. However, the new process does not correspond with the governing policy's intent of bringing issues and concerns of the student body to the board, and therefore is not valid

As a leader at the high school, I was asked to read the book *Student Voice - An Instrument of Change* by Russell Quaglia. The book states, "When students know they are being heard, they develop self-worth, engage meaningfully in their own academic success and become purposeful in their own education". Given what happened to my report at the last board meeting, it is ironic that this book is being used as a model of behavior for our district, but is not put into practice.

I want to be clear that the staff, teachers and administrators at WRHS are exceptional and without them I would not have the skills or confidence to be successful in this position and my future. Through this process, I have learned that many people feel that there is a repeated pattern of suppression of parent, teacher and student voices. How can our schools improve if BCSD focuses only on good news, and not the true concerns of our most valuable assets; our students.

Finally, the real injustice is not with the content that was omitted from my report. Rather, the greater transgression is that the new process will inhibit any authentic communication from the students to the board members from here forward. My greatest goal is to facilitate authentic communication and make the voices of the students heard. I look forward to your reply.

Thank you for your time and commitment to the students of Blaine County School District.

Respectfully,


Emily Thayer

For clarity, please see below the email I received on September 18th regarding the new Student Board Representative process;

Good Morning Liaisons!

Please take a moment and read over the updated process outlined below regarding the Liaison Report and how to address the Board with concerns on behalf of your student body should they come up.

- Please have your monthly liaison report reviewed by your mentor before submitting it to the sitting liaison (currently Sara Begay at Silver Creek High School). These reports are due to the sitting liaison by <u>4:00 on the Friday before the Board meeting.</u> You will receive an email from me the Wednesday before the meeting with a reminder to submit your report by that Friday.

- Your report should include information about school events, activities, or important updates that you feel the Board should be made aware. This is your time to provide an update on your school and a time to share the good news.

- If you would like to share your thoughts on an agenda item, please talk with your mentor first. Once you and your mentor have a plan, please come to me with your plan to address the Board and I will give the Chairman a heads up so that he is prepared. <u>I must be given notice that you would like to address the Board on an agenda item before the Board meeting day.</u> If you are not the sitting liaison, please be prepared to attend this meeting and address the Board on behalf of your school when the agenda item is up for discussion.

- If you would like to address the Board regarding a topic that is not on the agenda, you can do so through public comment and I am happy to assist you with this process.

Thank you and please let me know if you have any additional questions or concerns.

Best wishes, Amanda

---

**email: "ellenmandeville@blaineschools.org Ellen Mandeville"**
To: email: "thayeemi000@bcsd61.org Emily"

**Monday, October 9, 2017 at 9:03:11 PM Mountain Daylight Time**

Dear Emily,

Thank you for your thoughtful and well-written letter. I have read it through once tonight and will read it through again tomorrow. You raise some very good points worthy of consideration. Until I received your letter, I was unaware of the correspondence that went out to the Student Liaisons on September 18th. I appreciate receiving a copy of it. I shall review this matter carefully and will reply to you some time in the near future. Hopefully within the next two weeks. Thank you again for your attention to this matter and the time you have taken in writing to the board.

Sincerely,
Ellen Mandeville
BCSD Trustee, Zone 3

On Mon, Oct 9, 2017 at 8:31 PM, Emily <thayeemi000@bcsd61.org> wrote:

Dear Trustees,

As the WRHS Student Body Representative, it is my understanding that my responsibility is to convey student perspectives to the board. However, this belief was shattered when, at the September 12, 2017 board meeting, key concerns shared throughout the WRHS student body were needlessly omitted from the Wood River report.

I feel strongly about this issue, and I believe the board should know the following:

- The omitted portion of my report was approved by my mentor and Vice Principal at Wood River High School, it adhered to the BCSD Policy #203.4c, and followed all rules in length and format.
- After my report was omitted, I received an email detailing new responsibilities of the board reps that district leadership was more comfortable with. It is my strong belief that this new process limits student voice. This new process is counter to the professional development program promoted by Dr. Holmes'; *Student Voice – An Instrument of Change* by Russell Quaglia.
- I take the responsibility of representing my fellow students' voices seriously. When I took on this role, I understood that I was to provide information on student activities, achievement, and most importantly, concerns that students are passionate about at WRHS. Now, I wonder if the original intent of the position has been weakened.

Firstly, I would like to make clear that on the afternoon of September 12, my mentor and vice principal did their jobs as student advisors. Even beyond that, they supported my attempt of expressing student voice and encouraged my efforts. I am grateful for them and all they do.

I do not know if the board members have been made aware of this, so, the concerns of the WRHS student body which were omitted from my report are as follows:

> The students of Wood River would like to thank the board for encouraging students to use their voice and to express their opinions in a positive manner. In the spirit of student voice, I would like to express concern shared throughout the student body in regards to changes made to the school calendar, specifically the graduation date. Students were looking forward to the announced date of June 1st, and when this changed unexpectedly, many students were both confused and disappointed. The students of Wood River hope to have a voice in this decision, since it concerns them most directly. We hope that, as the leaders of our district, the board will patiently and thoughtfully listen to our students, parents, and staff members in regards to this issue. We politely ask that they consider all options and if possible, reinstate the graduation
> date of Friday, June 1st.

My report was within the time allowed by BCSD Policy 203.4c governing student board reports. I was also very diligent in my attempt to make sure that the sitting liaison saw my report by explicitly placing a printed copy of the report on her desk in the Minnie Moore room in preparation for the meeting that evening. With all this effort, I am frustrated and confused as to why the entirety of my report was not given!

Just about the time my frustration reduced and my focus returned to my studies, I received an email from the BCSD office on September 18th regarding changes to the process of student rep reports. In my opinion, the new process undermines student voice, is not in line with the policy, and reduces authentic communication between the student body and the school board.

As stated in the first sentence of Policy 203.4c, the intent of the student board rep position is to, "present information to the board to aid in the decision making and information gathering roles." Furthermore, the first two pages of the policy asks for reporting on Issues and concerns at least five separate times (Pg. 1, Sect. II, paragraph 1, twice on Pg. 1, Sect II, bullet 5, Pg. 1, Sect. II, bullet 1, Pg. 2 Sect. III, and Paragraph 1). For example, Pg. 2 Sect. III states, "provide information and opinions from a student perspective regarding board matters and that the Board is able to **directly** receive information about activities, interests **and concerns**..."

Counter to the policy, the new BCSD process never specifies presenting issues or concerns  Rather, the new process states , "this is your time to provide an update on your school and a time to share the good news". Additionally, the third and fourth bullet points of the new process deal with procedure to address agenda and non-agenda topics, however, the policy never refers to agenda nor non-agenda topics, therefore, the new process is without ground to stand on.  In my eyes, the policy is like a law and the process is like the enforcement of the law. The policy should guide the process so that effective enforcement can happen. However, the new process does not correspond with the governing policy's intent of bringing issues and concerns of the student body to the board, and therefore is not valid

As a leader at the high school, I was asked to read the book *Student Voice - An Instrument of Change* by Russell Quaglia. The book states, "When students know they are being heard, they develop self-worth, engage meaningfully in their own academic success and become purposeful in their own education". Given what happened to my report at the last board meeting, it is ironic that this book is being used as a model of behavior for our district, but is not put into practice.

I want to be clear that the staff, teachers and administrators at WRHS are exceptional and without them I would not have the skills or confidence to be successful in this position and my future. Through this process, I have learned that many people feel that there is a repeated pattern of suppression of parent, teacher and student voices. How can our schools improve if BCSD focuses only on good news, and not the true concerns of our most valuable assets; our students.

Finally, the real injustice is not with the content that was omitted from my report. Rather, the greater transgression is that the new process will inhibit any authentic communication from the students to the board members from here forward. My greatest goal is to facilitate authentic communication and make the voices of the students heard. I look forward to your reply.

Thank you for your time and commitment to the students of Blaine County School District.

Respectfully,


Emily Thayer


For clarity, please see below the email I received on September 18th regarding the new Student Board Representative process;

Good Morning Liaisons!

Please take a moment and read over the updated process outlined below regarding the Liaison Report and how to address the Board with concerns on behalf of your student body should they come up.

- Please have your monthly liaison report reviewed by your mentor before submitting it to the sitting liaison (currently Sara Begay at Silver Creek High School). These reports are due to the sitting liaison by <u>4:00 on the Friday before</u>

the Board meeting. You will receive an email from me the Wednesday before the meeting with a reminder to submit your report by that Friday.

- Your report should include information about school events, activities, or important updates that you feel the Board should be made aware. This is your time to provide an update on your school and a time to share the good news.

- If you would like to share your thoughts on an agenda item, please talk with your mentor first. Once you and your mentor have a plan, please come to me with your plan to address the Board and I will give the Chairman a heads up so that he is prepared. I must be given notice that you would like to address the Board on an agenda item before the Board meeting day. If you are not the sitting liaison, please be prepared to attend this meeting and address the Board on behalf of your school when the agenda item is up for discussion.

- If you would like to address the Board regarding a topic that is not on the agenda, you can do so through public comment and I am happy to assist you with this process.

Thank you and please let me know if you have any additional questions or concerns.

Best wishes, Amanda

---

**email: "thayeemi000@bcsd61.org Emily"**      **Tuesday, October 10, 2017 at 11:35:48 AM Mountain Daylight Time**
To: email: "ellenmandeville@blaineschools.org Ellen Mandeville"

Thank you Mrs. Mandeville,

I appreciate your prompt response and hope to continue open discourse on this issue.

Best,

Emily Thayer

On Mon, Oct 9, 2017 at 9:03 PM, Ellen Mandeville <ellenmandeville@blaineschools.org> wrote:

Dear Emily,

Thank you for your thoughtful and well-written letter. I have read it through once tonight and will read it through again tomorrow. You raise some very good points worthy of consideration. Until I received your letter, I was unaware of the correspondence that went out to the Student Liaisons on September 18th. I appreciate receiving a copy of it. I shall review this matter carefully and will reply to you some time in the near future. Hopefully within the next two weeks. Thank you again for your attention to this matter and the time you have taken in writing to the board.

Sincerely,
Ellen Mandeville
BCSD Trustee, Zone 3

On Mon, Oct 9, 2017 at 8:31 PM, Emily <thayeemi000@bcsd61.org> wrote:

Dear Trustees,

As the WRHS Student Body Representative, it is my understanding that my responsibility is to convey student perspectives to the board. However, this belief was shattered when, at the September 12, 2017 board meeting, key concerns shared throughout the WRHS student body were needlessly omitted from the Wood River report.

I feel strongly about this issue, and I believe the board should know the following:

- The omitted portion of my report was approved by my mentor and Vice Principal at Wood River High School, it adhered to the BCSD Policy #203.4c, and followed all rules in length and format.
- After my report was omitted, I received an email detailing new responsibilities of the board reps that district leadership was more comfortable with. It is my strong belief that this new process limits student voice. This new process is counter to the professional development program promoted by Dr. Holmes'; *Student Voice – An Instrument of Change* by Russell Quaglia.
- I take the responsibility of representing my fellow students' voices seriously. When I took on this role, I understood that I was to provide information on student activities, achievement, and most importantly, concerns that students are passionate about at WRHS. Now, I wonder if the original intent of the position has been weakened.

Firstly, I would like to make clear that on the afternoon of September 12, my mentor and vice principal did their jobs as student advisors. Even beyond that, they supported my attempt of expressing student voice and encouraged my efforts. I am grateful for them and all they do.

I do not know if the board members have been made aware of this, so, the concerns of the WRHS student body which were omitted from my report are as follows:

> *The students of Wood River would like to thank the board for encouraging students to use their voice and to express their opinions in a positive manner. In the spirit of student voice, I would like to express concern shared throughout the student body in regards to changes made to the school calendar, specifically the graduation date. Students were looking forward to the announced date of June 1st, and when this changed unexpectedly, many students were both confused and disappointed. The students of Wood River hope to have a voice in this decision, since it concerns them most directly. We hope that, as the leaders of our district, the board will patiently and thoughtfully listen to our students, parents, and staff members in regards to this issue. We politely ask that they consider all options and if possible, reinstate the graduation date of Friday, June 1st.*

My report was within the time allowed by BCSD Policy 203.4c governing student board reports. I was also very diligent in my attempt to make sure that the sitting liaison saw my report by explicitly placing a printed copy of the report on her desk in the Minnie Moore room in preparation for the meeting that evening. With all this effort, I am frustrated and confused as to why the entirety of my report was not given!

Just about the time my frustration reduced and my focus returned to my studies, I received an email from the BCSD office on September 18th regarding changes to the process of student rep reports. In my opinion,

the new process undermines student voice, is not in line with the policy, and reduces authentic communication between the student body and the school board.

As stated in the first sentence of Policy 203.4c, the intent of the student board rep position is to, "present information to the board to aid in the decision making and information gathering roles." Furthermore, the first two pages of the policy asks for reporting on Issues and concerns at least five separate times (Pg. 1, Sect. II, paragraph 1, twice on Pg. 1, Sect II, bullet 5, Pg. 1, Sect. II, bullet 1, Pg. 2 Sect. III, and Paragraph 1). For example, Pg. 2 Sect. III states, "provide information and opinions from a student perspective regarding board matters and that the Board is able to **directly** receive information about activities, interests **and concerns**…"

Counter to the policy, the new BCSD process never specifies presenting issues or concerns  Rather, the new process states , "this is your time to provide an update on your school and a time to share the good news". Additionally, the third and fourth bullet points of the new process deal with procedure to address agenda and non-agenda topics, however, the policy never refers to agenda nor non-agenda topics, therefore, the new process is without ground to stand on.  In my eyes, the policy is like a law and the process is like the enforcement of the law. The policy should guide the process so that effective enforcement can happen. However, the new process does not correspond with the governing policy's intent of bringing issues and concerns of the student body to the board, and therefore is not valid

As a leader at the high school, I was asked to read the book *Student Voice - An Instrument of Change* by Russell Quaglia. The book states, "When students know they are being heard, they develop self-worth, engage meaningfully in their own academic success and become purposeful in their own education". Given what happened to my report at the last board meeting, it is ironic that this book is being used as a model of behavior for our district, but is not put into practice.

I want to be clear that the staff, teachers and administrators at WRHS are exceptional and without them I would not have the skills or confidence to be successful in this position and my future. Through this process, I have learned that many people feel that there is a repeated pattern of suppression of parent, teacher and student voices. How can our schools improve if BCSD focuses only on good news, and not the true concerns of our most valuable assets; our students.

Finally, the real injustice is not with the content that was omitted from my report. Rather, the greater transgression is that the new process will inhibit any authentic communication from the students to the board members from here forward. My greatest goal is to facilitate authentic communication and make the voices of the students heard. I look forward to your reply.

Thank you for your time and commitment to the students of Blaine County School District.

Respectfully,


Emily Thayer


For clarity, please see below the email I received on September 18th regarding the new Student Board Representative process;

Good Morning Liaisons!

Case 1:19-cv-00616-DCN Document 1 Filed 04/08/19 Page 42 of 50

Please take a moment and read over the updated process outlined below regarding the Liaison Report and how to address the Board with concerns on behalf of your student body should they come up.

- Please have your monthly liaison report reviewed by your mentor before submitting it to the sitting liaison (currently Sara Begay at Silver Creek High School). These reports are due to the sitting liaison by <u>4:00 on the Friday before the Board meeting.</u> You will receive an email from me the Wednesday before the meeting with a reminder to submit your report by that Friday.

- Your report should include information about school events, activities, or important updates that you feel the Board should be made aware. This is your time to provide an update on your school and a time to share the good news.

- If you would like to share your thoughts on an agenda item, please talk with your mentor first. Once you and your mentor have a plan, please come to me with your plan to address the Board and I will give the Chairman a heads up so that he is prepared. <u>I must be given notice that you would like to address the Board on an agenda item before the Board meeting day.</u>  If you are not the sitting liaison, please be prepared to attend this meeting and address the Board on behalf of your school when the agenda item is up for discussion.

- If you would like to address the Board regarding a topic that is not on the agenda, you can do so through public comment and I am happy to assist you with this process.

Thank you and please let me know if you have any additional questions or concerns.

Best wishes, Amanda

---

**email: "ellenmandeville@blaineschools.org**          **Wednesday, October 11, 2017 at 10:56:50 AM Mountain Daylight Time**
**Ellen Mandeville"**
To: email: "gholmes@blaineschools.org GwenCarol Holmes" , email: "amandalachance@blaineschools.org Amanda LaChance"

FYI.

Sincerely,
Ellen Mandeville
BCSD Zone 3 Trustee
---------- Forwarded message ----------
From: "Emily" <<u>thayeemi000@bcsd61.org</u>>
Date: Oct 10, 2017 11:35 AM
Subject: Re: New BCSD Process Limits Student Representatives' Voice
To: "Ellen Mandeville" <<u>ellenmandeville@blaineschools.org</u>>
Cc:

Thank you Mrs. Mandeville,

I appreciate your prompt response and hope to continue open discourse on this issue.

Best,

Emily Thayer

On Mon, Oct 9, 2017 at 9:03 PM, Ellen Mandeville <ellenmandeville@blaineschools.org> wrote:

Dear Emily,

Thank you for your thoughtful and well-written letter. I have read it through once tonight and will read it through again tomorrow. You raise some very good points worthy of consideration. Until I received your letter, I was unaware of the correspondence that went out to the Student Liaisons on September 18th. I appreciate receiving a copy of it. I shall review this matter carefully and will reply to you some time in the near future. Hopefully within the next two weeks. Thank you again for your attention to this matter and the time you have taken in writing to the board.

Sincerely,
Ellen Mandeville
BCSD Trustee, Zone 3

On Mon, Oct 9, 2017 at 8:31 PM, Emily <thayeemi000@bcsd61.org> wrote:

Dear Trustees,

As the WRHS Student Body Representative, it is my understanding that my responsibility is to convey student perspectives to the board. However, this belief was shattered when, at the September 12, 2017 board meeting, key concerns shared throughout the WRHS student body were needlessly omitted from the Wood River report.

I feel strongly about this issue, and I believe the board should know the following:

- The omitted portion of my report was approved by my mentor and Vice Principal at Wood River High School, it adhered to the BCSD Policy #203.4c, and followed all rules in length and format.
- After my report was omitted, I received an email detailing new responsibilities of the board reps that district leadership was more comfortable with. It is my strong belief that this new process limits student voice. This new process is counter to the professional development program promoted by Dr. Holmes'; *Student Voice – An Instrument of Change* by Russell Quaglia.
- I take the responsibility of representing my fellow students' voices seriously. When I took on this role, I understood that I was to provide information on student activities, achievement, and most importantly, concerns that students are passionate about at WRHS. Now, I wonder if the original intent of the position has been weakened.

Firstly, I would like to make clear that on the afternoon of September 12, my mentor and vice principal did their jobs as student advisors. Even beyond that, they supported my attempt of expressing student voice and encouraged my efforts. I am grateful for them and all they do.

I do not know if the board members have been made aware of this, so, the concerns of the WRHS student body which were omitted from my report are as follows:

> *The students of Wood River would like to thank the board for encouraging students to use their voice and to express their opinions in a positive manner. In the spirit of student voice, I would like to express concern shared throughout the student body in regards to changes made to the school calendar, specifically the graduation date. Students were looking forward to the announced date of June 1st, and when this changed unexpectedly, many students were both confused and disappointed. The students of Wood River hope to have a voice in this decision, since it concerns them most directly. We hope that, as the leaders of our district, the board will patiently and thoughtfully listen to our students, parents, and staff members in regards to this issue. We politely ask that they consider all options and if possible, reinstate the graduation date of Friday, June 1st.*

My report was within the time allowed by BCSD Policy 203.4c governing student board reports. I was also very diligent in my attempt to make sure that the sitting liaison saw my report by explicitly placing a printed copy of the report on her desk in the Minnie Moore room in preparation for the meeting that evening. With all this effort, I am frustrated and confused as to why the entirety of my report was not given!

Just about the time my frustration reduced and my focus returned to my studies, I received an email from the BCSD office on September 18th regarding changes to the process of student rep reports. In my opinion, the new process undermines student voice, is not in line with the policy, and reduces authentic communication between the student body and the school board.

As stated in the first sentence of Policy 203.4c, the intent of the student board rep position is to, "present information to the board to aid in the decision making and information gathering roles." Furthermore, the first two pages of the policy asks for reporting on Issues and concerns at least five separate times (Pg. 1, Sect. II, paragraph 1, twice on Pg. 1, Sect II, bullet 5, Pg. 1, Sect. II, bullet 1, Pg. 2 Sect. III, and Paragraph 1). For example, Pg. 2 Sect. III states, "provide information and opinions from a student perspective regarding board matters and that the Board is able to **directly** receive information about activities, interests **and concerns**..."

Counter to the policy, the new BCSD process never specifies presenting issues or concerns  Rather, the new process states , "this is your time to provide an update on your school and a time to share the good news". Additionally, the third and fourth bullet points of the new process deal with procedure to address agenda and non-agenda topics, however, the policy never refers to agenda nor non-agenda topics, therefore, the new process is without ground to stand on. In my eyes, the policy is like a law and the process is like the enforcement of the law. The policy should guide the process so that effective enforcement can happen. However, the new process does not correspond with the governing policy's intent of bringing issues and concerns of the student body to the board, and therefore is not valid

As a leader at the high school, I was asked to read the book *Student Voice - An Instrument of Change* by Russell Quaglia. The book states, "When students know they are being heard, they develop self-worth, engage meaningfully in their own academic success and become purposeful in their own education". Given what happened to my report at the last board meeting, it is ironic that this book is being used as a model of behavior for our district, but is not put into practice.

I want to be clear that the staff, teachers and administrators at WRHS are exceptional and without them I would not have the skills or confidence to be successful in this position and my future. Through this process, I have learned that many people feel that there is a repeated pattern of suppression of parent,

teacher and student voices. How can our schools improve if BCSD focuses only on good news, and not the true concerns of our most valuable assets; our students.

Finally, the real injustice is not with the content that was omitted from my report. Rather, the greater transgression is that the new process will inhibit any authentic communication from the students to the board members from here forward. My greatest goal is to facilitate authentic communication and make the voices of the students heard. I look forward to your reply.

Thank you for your time and commitment to the students of Blaine County School District.

Respectfully,


Emily Thayer


For clarity, please see below the email I received on September 18th regarding the new Student Board Representative process;

Good Morning Liaisons!

Please take a moment and read over the updated process outlined below regarding the Liaison Report and how to address the Board with concerns on behalf of your student body should they come up.

- Please have your monthly liaison report reviewed by your mentor before submitting it to the sitting liaison (currently Sara Begay at Silver Creek High School). These reports are due to the sitting liaison by <u>4:00 on the Friday before the Board meeting</u>. You will receive an email from me the Wednesday before the meeting with a reminder to submit your report by that Friday.

- Your report should include information about school events, activities, or important updates that you feel the Board should be made aware. This is your time to provide an update on your school and a time to share the good news.

- If you would like to share your thoughts on an agenda item, please talk with your mentor first. Once you and your mentor have a plan, please come to me with your plan to address the Board and I will give the Chairman a heads up so that he is prepared. <u>I must be given notice that you would like to address the Board on an agenda item before the Board meeting day.</u> If you are not the sitting liaison, please be prepared to attend this meeting and address the Board on behalf of your school when the agenda item is up for discussion.

- If you would like to address the Board regarding a topic that is not on the agenda, you can do so through public comment and I am happy to assist you with this process.

Thank you and please let me know if you have any additional questions or concerns.

Best wishes, Amanda

# New BCSD Process Limits Student Representatives' Voice

**email: "thayeeml000@bcsd61.org Emily"** **Monday, October 9, 2017 at 8:31:58 PM Mountain Daylight Time**
To: email: "ellenmandeville@blaineschools.org Ellen Mandeville" , email: "shawnbennion@blaineschools.org Shawn Bennion"
, email: "robclayton@blaineschools.org Rob Clayton" , email: "kellygreen@blaineschools.org Kelly Green" , email:
"kevingarrison@blaineschools.org Kevin Garrison"

Dear Trustees,

As the WRHS Student Body Representative, it is my understanding that my responsibility is to convey student perspectives to the board. However, this belief was shattered when, at the September 12, 2017 board meeting, key concerns shared throughout the WRHS student body were needlessly omitted from the Wood River report.

I feel strongly about this issue, and I believe the board should know the following:

- The omitted portion of my report was approved by my mentor and Vice Principal at Wood River High School, it adhered to the BCSD Policy #203.4c, and followed all rules in length and format.
- After my report was omitted, I received an email detailing new responsibilities of the board reps that district leadership was more comfortable with. It is my strong belief that this new process limits student voice. This new process is counter to the professional development program promoted by Dr. Holmes'; *Student Voice — An Instrument of Change* by Russell Quaglia.
- I take the responsibility of representing my fellow students' voices seriously. When I took on this role, I understood that I was to provide information on student activities, achievement, and most importantly, concerns that students are passionate about at WRHS. Now, I wonder if the original intent of the position has been weakened.

Firstly, I would like to make clear that on the afternoon of September 12, my mentor and vice principal did their jobs as student advisors. Even beyond that, they supported my attempt of expressing student voice and encouraged my efforts. I am grateful for them and all they do.

I do not know if the board members have been made aware of this, so, the concerns of the WRHS student body which were omitted from my report are as follows:

> *The students of Wood River would like to thank the board for encouraging students to use their voice and to express their opinions in a positive manner. In the spirit of student voice, I would like to express concern shared throughout the student body in regards to changes made to the school calendar, specifically the graduation date. Students were looking forward to the announced date of June 1st, and when this changed unexpectedly, many students were both confused and disappointed. The students of Wood River hope to have a voice in this decision, since it concerns them most directly. We hope that, as the leaders of our district, the board will patiently and thoughtfully listen to our students, parents, and staff members in regards to this issue. We politely ask that they consider all options and if possible, reinstate the graduation date of Friday, June 1st.*

My report was within the time allowed by BCSD Policy 203.4c governing student board reports. I was also very diligent in my attempt to make sure that the sitting liaison saw my report by explicitly placing a printed copy of

the report on her desk in the Minnie Moore room in preparation for the meeting that evening. With all this effort, I am frustrated and confused as to why the entirety of my report was not given!

Just about the time my frustration reduced and my focus returned to my studies, I received an email from the BCSD office on September 18th regarding changes to the process of student rep reports. In my opinion, the new process undermines student voice, is not in line with the policy, and reduces authentic communication between the student body and the school board.

As stated in the first sentence of Policy 203.4c, the intent of the student board rep position is to, "present information to the board to aid in the decision making and information gathering roles." Furthermore, the first two pages of the policy asks for reporting on Issues and concerns at least five separate times (Pg. 1, Sect. II, paragraph 1, twice on Pg. 1, Sect II, bullet 5, Pg. 1, Sect. II, bullet 1, Pg. 2 Sect. III, and Paragraph 1). For example, Pg. 2 Sect. III states, "provide information and opinions from a student perspective regarding board matters and that the Board is able to **directly** receive information about activities, interests **and concerns**…"

Counter to the policy, the new BCSD process never specifies presenting issues or concerns  Rather, the new process states , "this is your time to provide an update on your school and a time to share the good news". Additionally, the third and fourth bullet points of the new process deal with procedure to address agenda and non-agenda topics, however, the policy never refers to agenda nor non-agenda topics, therefore, the new process is without ground to stand on.  In my eyes, the policy is like a law and the process is like the enforcement of the law. The policy should guide the process so that effective enforcement can happen. However, the new process does not correspond with the governing policy's intent of bringing issues and concerns of the student body to the board, and therefore is not valid

As a leader at the high school, I was asked to read the book *Student Voice - An Instrument of Change* by Russell Quaglia. The book states, "When students know they are being heard, they develop self-worth, engage meaningfully in their own academic success and become purposeful in their own education". Given what happened to my report at the last board meeting, it is ironic that this book is being used as a model of behavior for our district, but is not put into practice.

I want to be clear that the staff, teachers and administrators at WRHS are exceptional and without them I would not have the skills or confidence to be successful in this position and my future. Through this process, I have learned that many people feel that there is a repeated pattern of suppression of parent, teacher and student voices. How can our schools improve if BCSD focuses only on good news, and not the true concerns of our most valuable assets; our students.

Finally, the real injustice is not with the content that was omitted from my report. Rather, the greater transgression is that the new process will inhibit any authentic communication from the students to the board members from here forward. My greatest goal is to facilitate authentic communication and make the voices of the students heard. I look forward to your reply.

Thank you for your time and commitment to the students of Blaine County School District.

Respectfully,


Emily Thayer

For clarity, please see below the email I received on September 18th regarding the new Student Board Representative process;

Good Morning Liaisons!

Please take a moment and read over the updated process outlined below regarding the Liaison Report and how to address the Board with concerns on behalf of your student body should they come up.

- Please have your monthly liaison report reviewed by your mentor before submitting it to the sitting liaison (currently Sara Begay at Silver Creek High School). These reports are due to the sitting liaison by <u>4:00 on the Friday before the Board meeting</u>. You will receive an email from me the Wednesday before the meeting with a reminder to submit your report by that Friday.

- Your report should include information about school events, activities, or important updates that you feel the Board should be made aware. This is your time to provide an update on your school and a time to share the good news.

- If you would like to share your thoughts on an agenda item, please talk with your mentor first. Once you and your mentor have a plan, please come to me with your plan to address the Board and I will give the Chairman a heads up so that he is prepared. <u>I must be given notice that you would like to address the Board on an agenda item before the Board meeting day.</u> If you are not the sitting liaison, please be prepared to attend this meeting and address the Board on behalf of your school when the agenda item is up for discussion.

- If you would like to address the Board regarding a topic that is not on the agenda, you can do so through public comment and I am happy to assist you with this process.

Thank you and please let me know if you have any additional questions or concerns.

Best wishes, Amanda